JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
GREAT AMERICAN INSURANCE COMPANY

## DEFENDANTS
CHARLES MCBRIDE and DOES 1 through 10, inclusive

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

Hamilton County, Ohio

County of Residence of First Listed Defendant  Marin County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BURNHAM BROWN
1901 Harrison Street, 11th Floor

Oakland, CA  94612
(510) 444-6800

Attorneys (If Known)

**E-filing**

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES  (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury - Med. Malpractice | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & other | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

Additional items in FORFEITURE/PENALTY and LABOR columns:
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other
- **LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act
- **IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

## V. ORIGIN  (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

☒ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
June 24, 2008

SIGNATURE OF ATTORNEY OF RECORD
ELIZABETH C. KIM

NDC-JS44

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney tiling a case should complete the form as follows:

**I.    (a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When tlie petition for removal is granted, check this box.

Remanded &om Appellate Court. (3) Check this box for cases remanded to thedistrict court for hrther action. Use the date of remand as the lilitlg date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal tiom a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**                            Example:            U.S. Civil Statute: 47 USC 553
                                                                                      Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. 111 this space enter the dollar amount (in thousands ofdollars) being demanded or indicate other demand sucli as a preliminary injunclion.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



1  Elizabeth C. Kim, CASB# 225550
   Eva P. Kwan, CASB# 246034
2  BURNHAM BROWN
   A Professional Law Corporation
3  P.O. Box 119
   Oakland, California 94604
4
   1901 Harrison Street, 11th Floor
5  Oakland, California  94612
   Telephone:    (510) 444-6800
6  Facsimile:    (510) 835-6666
   Email:        lkim@burnhambrown.com
7                ekwan@burnhambrown.com

8  Attorneys for Plaintiff
   GREAT AMERICAN INSURANCE COMPANY
9
              UNITED STATES DISTRICT COURT
10
           NORTHERN DISTRICT OF CALIFORNIA
11
   GREAT AMERICAN INSURANCE                 CV 08    3067
12 COMPANY,
                                    No.
13            Plaintiff,                    **PLAINTIFF GREAT AMERICAN
                                            INSURANCE COMPANY'S
14 v.                                       COMPLAINT FOR BREACH OF
                                            CONTRACT, DECLARATORY
15 CHARLES MCBRIDE, and DOES 1              RELIEF, AND REIMBURSEMENT**
   through 10, inclusive,
16
              Defendants.
17

18     Plaintiff GREAT AMERICAN INSURANCE COMPANY ("Great American or

19 Plaintiff") complains and alleges as follows:

20              I.    NATURE OF THE ACTION

21     1.    This is a civil action for breach of contract, breach of the implied covenant of

22 good faith and fair dealing, declaratory relief, reimbursement, allocation and apportionment.

23     2.    Great American seeks relief for Defendant Charles McBride's breach of contract,

24 based on an agreement reached in settlement of the underlying Levitan Action, as alleged below.

25     3.    Great American also asks the Court to declare and adjudge the rights, duties, and

26 obligations of the parties pursuant to an insurance policy issued by Great American to Defendant

27 Charles McBride.

28
                                      1
   PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
   FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

## II.    THE PARTIES

4.    Great American is, and at all times mentioned in this Complaint was, an insurance company incorporated under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

5.    Defendant Charles McBride ("McBride" or "Defendant"), an individual, is, and at all times mentioned in this Complaint was, a citizen and resident of California.  Until approximately 1999 or 2000, McBride operated a company doing business as McBride Construction, which performed general contracting services in the Northern District of California.

## III.    JURISDICTION

6.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. section 1332 (a)(1), because Plaintiff is a citizen of Ohio while Defendant is a citizen of California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred within the Northern District of California.

8.    This action being properly within this Court's original jurisdiction under 28 U.S.C. section 1332, this Court may declare the rights and other legal relations of interested parties seeking such declaration in this action, pursuant to 28 U.S.C. section 2201(a) and 2202.

## IV.    THE UNDERLYING LEVITAN ACTION

9.    On or about December 22, 1999, McBride entered into a contract for the sale of a single family home located in Mill Valley, CA (the "Home") to Paul and Lauren Levitan ("the Levitans").  The Home was constructed by McBride Construction.

10.    Sometime in 2005, the Levitans discovered, for the first time, water intrusion and related damage in the area of the front or upper deck of the Home.

11.    During investigation of the Levitans' claims, it was also discovered that in approximately February 2004, the Levitans repaired a portion of the master bedroom ceiling at the Home due to the appearance of water stains.

2

PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

12.    On or about May 23, 2006, the Levitans filed suit against McBride and others in Sonoma County Superior Court, Case No. 238720, seeking damages, related fees, and costs for repairs to the Home (the "Levitan Action").

13.    McBride tendered defense and indemnity of the Levitan Action to Great American, and Great American defended McBride pursuant to a full reservation of rights, including the right to seek declaratory relief regarding the non-applicability of the Policy; and reimbursement of defense fees and costs and indemnity amounts paid by Great American on behalf of McBride, which Great American was not obligated to pay.

14.    On or about April 2, 2007, Great American reached an agreement with the Levitans on behalf of McBride to settle the Levitan Action for the sum of $450,000 (Four Hundred Fifty Thousand Dollars and No Cents). Great American did not and does not admit that the Levitan Action was actually covered by the Policy, and the settlement was made without prejudice to Great American's rights under the Policy.

15.    Through conversations between the parties and the exchange of correspondence consisting of letters and email messages beginning in March 2007, through June 20, 2007, Great American and McBride agreed that McBride would reimburse Great American the sum of $100,000 (One Hundred Thousand Dollars and No cents) to be paid in monthly installments of $10,000 (Ten Thousand Dollars and No Cents) each, to reimburse Great American for a portion of the settlement paid to the Levitans (the "Agreement"). (Attached as **Exhibit A** is a true and correct copy of the April 5, 2007, electronic mail message summarizing the terms of the agreement by McBride's counsel. Attached as **Exhibit B** is a true and correct copy of the June 20, 2007, letter from Great American's counsel agreeing to the terms as proposed by McBride's counsel in his April 5, 2007 electronic mail transmission.). The Agreement was made in recognition of the fact that there were serious questions as to whether the Levitan Action was covered by the Policy.

16.    McBride and Great American further agreed that any recoveries obtained from third parties would be divided as follows: (a) Great American was to be reimbursed first for costs and fees in connection with efforts to collect from third parties responsible for the

1    Levitans' damages; and (b) net recoveries were to be shared with Great American receiving 78%

2    and McBride receiving 22%, to be refunded after Great American received McBride's $100,000

3    contribution payment.  Great American diligently pursued recoveries from third parties by way

4    of Cross-Complaint in the Levitan Action and has now concluded the prosecution of that Cross-

5    Complaint.

6         17.    Great American and McBride also agreed that, as a condition precedent, McBride

7    was to make his first installment payment to Great American on the same date that Great

8    American paid the settlement to the Levitans.  Great American paid the settlement to the

9    Levitans on behalf of McBride on April 26, 2007.

10        18.    On or about April 26, 2007, McBride failed to make the first installment payment

11   to Great American.  In fact, McBride has failed to make any payments at all to Great American

12   on the $100,000 he agreed to pay to Great American.

13        19.    Great American relied on McBride's promise to pay $100,000 in settling the

14   Levitan claim on his behalf at mediation on April 2, 2007, and then tendering payment to the

15   Levitans in the amount of $450,000 on April 26, 2007.

16        20.    On or about March 28, 2008, Great American again demanded payment of the

17   $100,000 contribution from McBride as promised via monthly payments.  McBride again failed

18   to tender any sums to Great American after being demanded to do so in accordance with the

19   Agreement.

20        V.    **THE GREAT AMERICAN INSURANCE POLICY**

21        21.    Great American issued commercial general liability insurance to McBride, Policy

22   No. PAC 8179333, effective July 22, 1999, to July 22, 2000 (the "Policy").

23        22.    The Policy contains the following language:

24        **COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE
           LIABILITY**
25

26        1.    **Insuring Agreement**

27             a.    We will pay those sums that the Insured becomes legally
                     obligated to pay as damages because of "bodily injury" or
                     "property damage" to which this insurance applies.  We
28                   will have the right and duty to defend the Insured against

PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2)    The "bodily injury" or "property damage" occurs during the policy period.

2.    **Exclusions**

This insurance does not apply to:

\* \* \*

l.    **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\* \* \*

23.    The Policy furthermore contain the following definitions:

**SECTION V – DEFINITIONS**

14.    "Products-completed operations hazard":

a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

1)    Products that are still in your physical possession; or

2)    Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

a)    When all of the work called for in your contract has been completed.

5

b)  When all the work to be done at the job site has been completed if your contract calls for work at more than one job site.

c)  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b.  Does not include "bodily injury" or "property damage" arising out of:

1)  The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

2)  The existence of tools, uninstalled equipment or abandoned or unused materials; or

3)  Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

* * *

19.  "Your work" means:

a.  Work or operations performed by you or on your behalf; and

b.  Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

b.  The providing of or failure to provide warnings or instructions.

PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

1    24.    The Policy also includes Endorsement CG 82 10 (11/97), which provides in

2  pertinent part the following definitions:

3        12.    "Occurrence" means:

4            An accident, including continuous or repeated exposure to
            substantially the same general harmful conditions, which results in
5            bodily injury or property damage which first manifests on or after
            the date of the inception of this policy period, as shown in the
6            Declarations Page of the policy but prior to the earlier of the date
            of expiration or cancellation of this policy.

7
            An accident, including continuous or repeated exposure to the
8            same general harmful conditions, which results in bodily injury or
            property damage manifested prior to the inception date of this
9            policy, as shown in the Declarations, shall not be considered to be
            caused by an "occurrence."
10
            An accident, including continuous or repeated exposure to
11            substantially the same general harmful conditions, which results in
            bodily injury or property damage which first manifests subsequent
12            to the earlier of the expiration or cancellation of this policy, shall
            not be considered an "occurrence" under the terms of this policy.
13
        15.    "Property damage" means:
14
            a.    Physical injury to tangible property which first manifests
15                during the term of this policy, including all resulting loss of
                use of that property.  All such loss of use shall be deemed
16                to occur at the time of the first manifestation of the
                physical injury that causes the loss of use; or
17
            b.    Loss of use of tangible property that is not physically
18                injured.  All such loss of use shall be deemed to occur at
                the time of the "occurrence" that caused it.
19
                        *        *        *
20

21                    **FIRST CAUSE OF ACTION**

22                        **(Breach of Contract)**

23    25.    Great American re-alleges and incorporates by this reference each and every

24  allegation contained in all preceding paragraphs in this Complaint as though such allegations are

25  fully set forth herein.

26    26.    McBride agreed to pay Great American the sum of $100,000, to reimburse Great

27  American for sums it paid on behalf of McBride to settle the Levitan Action.  McBride agreed to

28  ///

7

PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

1   make such payment in recognition of the serious questions as to whether the Levitan Action was

2   covered by the Great American Policy issued to McBride.

3       27.    To date, McBride has failed to make any payment to Great American.

4       28.    As a result of McBride's breach of the Agreement, Plaintiff sustained damages of

5   at least $100,000, the exact amount to be proven at the time of trial.

6   **SECOND CAUSE OF ACTION**

7   **(Breach of Covenant of Good Faith And Fair Dealing)**

8       29.    Great American re-alleges and incorporates by this reference each and every

9   allegation contained in all preceding paragraphs in this Complaint as though such allegations are

10  fully set forth herein.

11      30.    The Agreement contained an implied covenant of good faith and fair dealing,

12  which obligated McBride to perform the terms and conditions of the agreement fairly and in

13  good faith, and to refrain from doing any act that would prevent or impede Plaintiff from

14  promptly receiving benefits due to Plaintiff under the Agreement.

15      31.    Great American reasonably relied on the provisions of the Agreement in settling

16  and ultimately paying the Levitans for their claim against McBride.

17      32.    Great American performed all conditions, covenants, and promises required to be

18  performed on its part in accordance with the Agreement.

19      33.    McBride is aware that Great American has faithfully and successfully fulfilled its

20  obligations under the Agreement, and that Great American is legally entitled to $100,000 as

21  payment from McBride as a partial reimbursement of Great American's payment of the

22  settlement of the Levitan Action on McBride's behalf.

23      34.    McBride, acting in bad faith, has failed to perform any of his obligations under

24  the Agreement.  In doing the acts set forth above, McBride breached the covenant of good faith

25  and fair dealing under the Agreement which provided that Plaintiff was to receive payment of

26  $100,000.

27      35.    By reason of McBride's wrongful conduct, Great American has been deprived of

28  the benefits of the Agreement, and as a result suffered and continues to suffer economic losses.

1    The amount of such economic losses far exceeds the minimum jurisdiction requirements of this

2    Court, but the precise amount will be established according to proof at trial.

### THIRD CAUSE OF ACTION

**(Declaratory Relief—No Obligation Based On Failure of Condition Precedent)**

5    36.    Great American re-alleges and incorporates by this reference each and every

6    allegation contained in all preceding paragraphs in this Complaint as though such allegations are

7    fully set forth herein.

8    37.    An actual and justiciable controversy exists between Great American and

9    McBride concerning their rights, duties and obligations under the Agreement, with respect to

10    Great American's obligation to credit McBride twenty-two percent (22%) of any net recovery

11    obtained from third parties relating to the Levitan Action.

12    38.    Great American is informed and believes, and thereon alleges, that McBride

13    claims that Great American has an obligation to credit McBride twenty-two percent (22%) of

14    any net recovery obtained from third parties in connection with the Levitan Action.

15    39.    Great American contends that McBride's payment to Great American of

16    $100,000 was a condition precedent to Great American's obligation to reimburse to McBride

17    twenty-two percent (22%) of any net recovery from third parties.  McBride has failed, and

18    continues to fail, to pay any part of the $100,000 he owes to Great American.

19    40.    Because McBride has failed to pay any part of the $100,000 owed to Great

20    American, the condition precedent to Great American's obligation has not been satisfied, and

21    accordingly, Great American contends that it is not obligated to credit to McBride any

22    percentage of any net recovery it has obtained from third parties in connection with the Levitan

23    Action.

24    41.    A judicial declaration is necessary and appropriate at this time so that Great

25    American and McBride may ascertain their rights, duties and obligations, if any, under the

26    Agreement.

27    / / /

28    / / /

PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

42.     Accordingly, Great American seeks a judicial declaration that it has no obligation to credit to McBride any percentage of any net recovery obtained from third parties in connection with the Levitan Action.

## FOURTH CAUSE OF ACTION

### (Reimbursement—Pursuant To The Agreement)

43.     Great American re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs in this Complaint as though such allegations are fully set forth herein.

44.     McBride is indebted to Great American for the monies that he has retained in violation of the Agreement, and he is under an immediate and unconditional obligation to convey said monies to Plaintiff.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief –No Duty to Defend Under the Policy)

45.     Great American re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs in this Complaint as though such allegations are fully set forth herein.

46.     An actual and justiciable controversy exists between McBride and Great American concerning their rights, duties and obligations under the Policy with respect to Great American's duty to defend McBride in connection with the Levitan Action.

47.     Great American is informed and believes, and thereon alleges, that McBride claims that Great American had a duty to defend him under the Policy, with respect to the claims, demands, actions and causes of action alleged in the Levitan Action.

48.     Based on the information currently available to it, Great American contends that it had no duty to defend McBride under the Policy with respect to the Levitan Action, on the grounds that there was no possibility that covered "property damage" occurred at the Home during the Policy period.

49.     Based on the language in the Policy, as quoted above, Great American contends that the only "property damage" at the Home that would be covered must have occurred between

PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

1   the date of sale of the Home on December 22, 1999, and the expiration of the Policy on

2   July 22, 2000.

3       50.    The Levitans alleged water intrusion and related property damage in the Levitan

4   Action. The first possible manifestation of this damage occurred in approximately February

5   2004, at the earliest, nearly three and one-half years after the expiration of the Policy.

6       51.    Because the alleged "property damage" forming the basis of the Levitan Action

7   occurred outside the Policy period, Great American contends that the requirements of the Policy

8   are not satisfied, and there is no potential for coverage under the Policy for the claims made in

9   the Levitan Action.

10      52.    A judicial declaration is necessary and appropriate at this time so that Great

11  American and McBride may ascertain their rights, duties and obligations, if any, under the

12  Policy with respect to the Levitan Action.

13      53.    Accordingly, Great American seeks a judicial declaration that it had and has no

14  duty to defend McBride under the Policy with respect to the Levitan Action because no

15  "property damage" occurred at the Home during the Policy period.

16                          **SIXTH CAUSE OF ACTION**

17              **(Declaratory Relief – No Duty to Indemnify Under the Policy)**

18      54.    Great American re-alleges and incorporates by this reference each and every

19  allegation contained in all preceding paragraphs in this Complaint as though such allegations are

20  fully set forth herein.

21      55.    An actual and justiciable controversy exists between McBride and Great

22  American concerning their rights, duties and obligations under the Policy with respect to Great

23  American's duty to indemnify Defendant in connection with the Levitan Action.

24      56.    Plaintiff is informed and believes, and thereon alleges, that McBride claims that

25  Great American had a duty to indemnify him under the Policy, with respect to the claims,

26  demands, actions and causes of action alleged in the Levitan Action.

27      57.    Based on the information currently available to it, Great American contends that

28  it has and had no duty to indemnify McBride under the Policy with respect to the Levitan

1  Action, on the grounds that there is no possibility that covered "property damage" occurred at

2  the Home during the Policy period.

3      58.    Based on the language in the Policy, as quoted above, Great American contends

4  that the only "property damage" at the Home that would be covered must have occurred between

5  the date of sale of the Home on December 22, 1999, and the expiration of the Policy on

6  July 22, 2000.

7      59.    The Levitans alleged water intrusion and related property damage in the Levitan

8  Action. The first possible manifestation of this damage occurred in approximately

9  February 2004, at the earliest, nearly three and one-half years after the expiration of the Policy.

10     60.    Because the alleged "property damage" forming the basis of the Levitan Action

11  occurred outside the Policy period, Great American contends that the requirements of the Policy

12  are not satisfied, and there is no coverage under the Policy for the claims made in the Levitan

13  Action.

14     61.    A judicial declaration is necessary and appropriate at this time so that Great

15  American and McBride may ascertain their rights, duties and obligations, if any, under the

16  Policy with respect to the Levitan Action.

17     62.    Accordingly, Great American seeks a judicial declaration that it had and has no

18  duty to indemnify McBride under the Policy with respect to the Levitan Action because no

19  "property damage" occurred at the Home during the Policy period.

20                                  **SEVENTH CAUSE OF ACTION**

21     **(Declaratory Relief—No Duty To Defend Under the Policy For Damage To "Your Work")**

22     63.    Great American re-alleges and incorporates by this reference each and every

23  allegation contained in all preceding paragraphs in this Complaint as though such allegations are

24  fully set forth herein.

25     64.    An actual and justiciable controversy exists between McBride and Great

26  American concerning their rights, duties, and obligations, if any, under the Policy with respect to

27  Great American's duty to indemnify McBride in connection with the Levitan Action.

28  ///

PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

65. Great American is informed and believes, and thereon alleges, that McBride claims that Great American had a duty to defend McBride under the Policy, with respect to the claims, demands, and causes of action alleged in the Levitan Action.

66. Great American contends that under the Policy, it had no duty to defend McBride with respect to the Levitan Action against any claims for damages to McBride's work, because such damage is excluded under the "your work" exclusion in the Policy.

67. A judicial declaration is necessary and appropriate at this time so that Great American and McBride may ascertain their rights, duties and obligations, if any, under the Policy with respect to the Levitan Action.

68. Accordingly, Great American seeks a judicial declaration that it had and has no duty to defend McBride with respect to the Levitan Action against any claim of damage to McBride's work, because such damage is excluded under the "your work" exclusion in the Policy.

## EIGHTH CAUSE OF ACTION

### (Declaratory Relief—No Duty To Indemnify

### Under the Policy For Damage To "Your Work")

69. Great American re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs in this Complaint as though such allegations are fully set forth herein.

70. An actual and justiciable controversy exists between McBride and Great American concerning their rights, duties, and obligations, if any, under the Policy with respect to Great American's duty to indemnify McBride in connection with the Levitan Action.

71. Great American is informed and believes, and thereon alleges, that McBride claims that Great American had a duty to indemnify McBride under the Policy, with respect to the claims, demands, and causes of action alleged in the Levitan Action.

72. Great American contends that under the Policy, it has and had no duty to indemnify McBride against any claims for damages to McBride's work, because such damage is excluded under the "your work" exclusion in the Policy.

13
PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

73.     A judicial declaration is necessary and appropriate at this time so that Great American and McBride may ascertain their rights, duties and obligations, if any, under the Policy with respect to the Levitan Action.

74.     Accordingly, Great American seeks a judicial declaration that it had and has no duty to indemnify McBride with respect to the Levitan Action against any claim of damage to McBride's work because such damage is excluded under the "your work" exclusion in the Policy.

## NINTH CAUSE OF ACTION

### (Reimbursement—Defense Costs)

75.     Great American re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs in this Complaint as though such allegations are fully set forth herein.

76.     Great American contends that it had no duty to defend or indemnify McBride or pay fees or costs incurred by or on behalf of McBride in defense of the Levitan Action. Nevertheless, Great American has paid for McBride's defense costs in connection with the Levitan Action, pursuant to a reservation of rights, including a reservation of its right to obtain reimbursement of defense costs that Great American has paid on behalf of McBride, which Great American is not obligated to pay.

77.     To date, Great American has paid substantial sums toward the defense of McBride in the Levitan Action, which, when combined with other claims alleged in this action, exceeds this Court's minimum jurisdiction. To the extent that this Court rules that Great American had no duty to defend, Great American has the right to reimbursement of the amounts it has paid for the defense of McBride in the Levitan Action.

78.     Accordingly, Great American demands that McBride reimburse Great American the amounts that Great American has paid for legal fees and costs incurred in the defense of McBride in connection with the Levitan Action.

/ / /

/ / /

14
PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

## TENTH CAUSE OF ACTION

### (Reimbursement—Indemnity Payments)

79.    Great American re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs in this Complaint as though such allegations are fully set forth herein.

80.    Great American contends that it had no duty to defend or indemnify McBride or make indemnity payments on behalf of McBride in connection with the Levitan Action. Nevertheless, Great American has made payments to indemnify McBride in connection with the Levitan Action, pursuant to a reservation of rights, including a reservation of its right to obtain reimbursement of indemnity payments that Great American has paid on behalf of McBride, which Great American is not obligated to pay.

81.    To date, Great American has paid substantial sums toward the indemnity of McBride in the Levitan Action, in an amount in excess of this Court's minimum jurisdiction. To the extent that this Court rules that Great American had no duty to indemnify McBride in connection with the Levitan Action, Great American has the right to reimbursement of the amounts it has paid to indemnify McBride in the Levitan Action.

82.    Accordingly, Great American demands that McBride reimburse Great American the amounts that Great American has paid and costs it has incurred to indemnify McBride in connection with the Levitan Action.

## ELEVENTH CAUSE OF ACTION

### (For Declaratory Relief—Duty to Defend, Allocation, Apportionment)

83.    Great American re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs in this Complaint as though such allegations are fully set forth herein.

84.    Plaintiff contends it had no duty to defend McBride for the Levitan Action and has filed this action for declaratory relief to obtain a judicial declaration to that effect. If, however, the Court determines that Plaintiff owed a duty to defend McBride for the Levitan Action, Plaintiff seeks a declaration that it is entitled to an allocation of the costs to defend

1  McBride, between that portion of the defense that is covered by the Policy, if any, and that

2  portion of the defense that is not covered by the Policy.  Therefore, Plaintiff seeks an

3  adjudication of apportionment and/or allocation of any defense obligation for the Levitan Action

4  between Great American and McBride.

5        85.    A judicial declaration is necessary and appropriate at this time, so that the

6  respective rights, duties, and obligations of the parties, if any, may be determined under the

7  Policy with regard to the Levitan Action.

8  ### TWELFTH CAUSE OF ACTION

9  **(For Declaratory Relief—Duty to Indemnify, Allocation, Apportionment)**

10        86.    Great American re-alleges and incorporates by this reference each and every

11  allegation contained in all preceding paragraphs in this Complaint as though such allegations are

12  fully set forth herein.

13        87.    Plaintiff contends it had no duty to indemnify McBride for the Levitan Action

14  and has filed this action for declaratory relief to obtain a judicial declaration to that effect.  If,

15  however, the Court determines that Plaintiff owed a duty to indemnify McBride for the Levitan

16  Action, Plaintiff seeks a declaration that it is entitled to an allocation of the costs to indemnify

17  McBride, between that portion of the Levitans' damages that are covered by the Policy, if any,

18  and that portion of the Levitans' damages that are not covered by the Policy.  Therefore, Plaintiff

19  seeks an adjudication of apportionment and/or allocation of any indemnity obligation for the

20  Levitan Action between Great American and McBride.

21        88.    A judicial declaration is necessary and appropriate at this time, so that the

22  respective rights, duties, and obligations of the parties, if any, may be determined under the

23  Policy with regard to the Levitan Action.

24  ### PRAYER FOR RELIEF

25      WHEREFORE, Plaintiff prays for judgment against Defendant McBride as follows:

26        1.    For the First Cause of Action, in the amount of $100,000 and damages in an

27  amount to be proven at trial;

28  / / /

PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

1    2.    For the Second and Fourth Causes of Action in an amount to be proven at trial;

2    3.    A declaration that Great American is not obligated to credit to McBride any

3    percentage of any recovery obtained from third parties in connection with the Levitan Action;

4    4.    A declaration that Great American had no duty to defend McBride under the

5    Policy with respect to the Levitan Action because no "property damage" occurred during the

6    Policy period;

7    5.    A declaration that Great American had no duty to indemnify McBride under the

8    Policy with respect to the Levitan Action because no "property damage" occurred during the

9    Policy period;

10    6.    A declaration that Great American had no duty to defend McBride with respect to

11    the Levitan Action against any claims of damage to McBride's work because such damage is

12    excluded under the "your work" exclusion in the Policy;

13    7.    A declaration that Great American had no duty to indemnify McBride with

14    respect to the Levitan Action against any claims of damage to McBride's work, as defined by

15    "your work" under the Policy because such damage is excluded under the "your work" exclusion

16    in the Policy;

17    8.    Reimbursement from McBride of the defense costs Great American has paid on

18    behalf of McBride in connection with the Levitan Action;

19    9.    Reimbursement from McBride of the amounts that Great American has paid and

20    costs it has incurred to indemnify McBride in connection with the Levitan Action;

21    10.    If Great American is found to owe a duty to defend, a declaration or adjudication

22    of apportionment and/or allocation of any defense obligation for the Levitan Action owed by and

23    between Great American and McBride.

24    11.    If Great American is found to owe a duty to indemnify, a declaration or

25    adjudication of apportionment and/or allocation of any indemnity obligation for the Levitan

26    Action owed by and between Great American and McBride.

27    / / /

28    / / /

PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT

1    12.    For prejudgment interest calculated at the maximum legal rate;

2    13.    For attorneys' fees and costs of suit; and

3    14.    For such other and further relief as the Court may find just and proper.

4    DATED: June 24, 2008                        BURNHAM BROWN

5

6

7                                               ELIZABETH C. KIM
                                                Attorneys for Plaintiff
8                                               GREAT AMERICAN INSURANCE COMPANY

9

10   864322

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        18
PLF. GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT
FOR BREACH OF CONTRACT, DECL. RELIEF, & REIMBURSEMENT