Elizabeth C. Kim, CASB# 225550
Eva P. Kwan, CASB# 246034
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604

1901 Harrison Street, 11th Floor
Oakland, California  94612
Telephone:    (510) 444-6800
Facsimile:    (510) 835-6666
Email:        lkim@burnhambrown.com
              ekwan@burnhambrown.com

Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES MCBRIDE, and DOES 1 through 10, inclusive,<br><br>Defendants. | No.<br><br>**PLAINTIFF GREAT AMERICAN INSURANCE COMPANY'S EXHIBITS TO ITS COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF, AND REIMBURSEMENT** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  Plaintiff Great American Insurance Company ("Great American") submits the following
2  exhibits to its Complaint for Breach of Contract, Declaratory Relief, and Reimbursement:
3  Attached as **Exhibit A** is a true and correct copy of the April 5, 2007 electronic mail
4  message summarizing the terms of the agreement by McBride's counsel, referenced in
5  Paragraph 15 of Great American's Complaint.
6  Attached as **Exhibit B** is a true and correct copy of the June 20, 2007, letter from Great
7  American's counsel agreeing to the terms as proposed by McBride's counsel in his April 5, 2007
8  electronic mail transmission, also referenced in Paragraph 15 of Great American's Complaint.

DATED: June 25, 2008

BURNHAM BROWN

ELIZABETH C. KIM
Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

870572

EXHIBIT _____A_____

# Liz Kim

**From:** Chuck Numbers [cnumbers@mwncov.com]
**Sent:** Thursday, April 05, 2007 8:27 AM
**To:** Liz Kim
**Subject:** FW: McBride

---

**From:** Chuck Numbers
**Sent:** Wed 4/4/2007 5:16 PM
**To:** lkim@brunhambrown.com
**Subject:** McBride

Liz,
It was nice to finally meet you on Monday.
Below is a list of the terms of the deal between Great American and McBride. Please confirm that this is your understanding and I'll reduce it to a formal letter.

1. Settlement is $450,000 to be paid by Great American pursuant to the terms of the settlement agreement to be drafted with the plaintiff, the essential terms of which are set forth in the memorandum of settlement executed at the mediation.
2. Mr. McBride will reimburse Great American $100,000 in installments of $10,000 each. The first installment will be due on the same date that payment is due to plaintiff and the remainder monthly.
3. Great American release each other from any and all claims arising out of this action, including bad faith.
4. Great American will continue to pursue recoveries from 3rd parties through defense counsel Dan Winters.
5. Any recoveries will be divided as follows: a. Great American will be reimbursed costs and fees incurred in connection with Mr. Winters' future efforts to collect from such parties; b. net recoveries will be shared with Great American receiving 78% and McBride 22%.
6. Great American has sole discretion in settlement decisions with such parties.

In addition to the above, I think we need to add another term. As you know, Great American asserts that the last 2 policies have the manifestation endorsement. I have asserted on behalf of McBride that the endorsement may be ineffectual because of a potential failure to provide notice that renewal would be on narrower terms. Although the parties are releasing each other for this action, the assertion of this position arguably starts the clock ticking on the statute of limitations for a reformation action. While there is no current reason for McBride to seek reformation, he can't simply let his rights expire. So, I request that Great American enter into a tolling agreement on this issue. I've done this in many other matters and the parties simply agree that whatever rights they have at the time of the agreement are tolled until the other provides 30 days' notice that it is withdrawing from the agreement. This prevents the insured from being forced to seek reformation when it might never be necessary to do so. Can you discuss this point with Ron>

Thanks.

Chuck

Charles H. Numbers
Meredith, Weinstein & Numbers
115 Ward Street
Larkspur, CA 94939
Tel.: 415.927.6920
Fax.: 415.927.6929

6/19/2008

cnumbers@mwncov.com

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies. Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Thank you.

6/19/2008

EXHIBIT ___B___

# BURNHAM | BROWN

*a professional law corporation*

**ELIZABETH C. KIM**
lkim@burnhambrown.com
Direct Dial (510) 835-6722

June 20, 2007

Mr. Chuck H. Numbers
MEREDITH, WEINSTEIN & NUMBERS
115 Ward Street
Larkspur, CA 94939

Re:   Levitan v. McBride
      Sonoma County Superior Court Action No. 238720
      Policy No.:         PAC 8179333
      Policy Period:      7/22/1999-7/22/2000
      GAIC Claim No.:     582 509646

Dear Mr. Numbers:

As we discussed by telephone today, it has come to my attention that Great American has never provided your client, Charles McBride, with instructions for payment of his agreed upon share of the settlement reached with Plaintiffs Paul and Lauren Levitan ("Levitans" or "Plaintiffs"). Pursuant to your email dated April 5, 2007, the following are the terms of the agreement between Great American and Mr. McBride regarding the settlement with the Levitans, as well as settling any coverage dispute arising out of this matter:

1.  Settlement is $450,000, to be paid by Great American pursuant to the terms of the settlement agreement to be drafted with the Plaintiffs, the essential terms of which are set forth in the memorandum of settlement executed at the mediation.

2.  Mr. McBride will reimburse Great American $100,000, in installments of $10,000 each. The first installment will be due on the same date that payment is due to Plaintiffs and the remainder monthly.

3.  Great American and Mr. McBride release each other from any and all claims arising out of this action, including bad faith.

4.  Great American will continue to pursue recoveries from third parties through defense counsel Dan Winters.

5.  Any recoveries will be divided as follows: a) Great American will first be reimbursed costs and fees incurred in connection with Mr. Winters' future efforts to collect from such parties; b) net

Chuck H. Numbers
Re: Levitan v. McBride
June 20, 2007
Page 2

      recoveries will be shared with Great American receiving 78% and McBride 22%.

6.    Great American has sole discretion in settlement decisions with such parties.

In addition, Great American and McBride will enter into a tolling agreement for the statute of limitations as to any reformation claim that may be brought by Mr. McBride. The terms of the tolling agreement have been agreed upon and signed by Mr. McBride and has been forwarded to Great American for execution.

Originally, the parties agreed that Mr. McBride would make his first payment to Great American on the same date Great American paid the settlement to the Levitans. Great American paid the settlement on April 26, 2007, but failed to inform Mr. McBride or provide him with payment instructions. Therefore, please ask Mr. McBride to begin making monthly payments immediately, payable as follows:

      Great American Insurance Company
      P.O. Box 2948
      Cincinnati, Ohio 45201-2948
      Attn: Ron Mourer
      Claim No. 582 509646

Please be sure Mr. McBride includes the claim number on all payments and/or correspondence, in order to ensure he is properly credited for the payments.

If you have any questions, or if the terms outlined above do not comport with your understanding of the agreement between our clients, please let me know immediately. Otherwise, Great American will expect to receive Mr. McBride's first payment shortly.

      Sincerely,

      BURNHAM BROWN

      Elizabeth C. Kim

ECK:elb
cc(via e-mail):   Ron Mourer

807777