Elizabeth C. Kim, CASB# 225550
Eva P. Kwan, CASB# 246034
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604

1901 Harrison Street, 11th Floor
Oakland, California  94612
Telephone:    (510) 444-6800
Facsimile:    (510) 835-6666
Email:        lkim@burnhambrown.com
              ekwan@burnhambrown.com

Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES MCBRIDE, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. CV 08 3067 JCS<br><br>**STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT**<br><br><br><br>Complaint Filed:   June 25, 2008 |

Plaintiff GREAT AMERICAN INSURANCE COMPANY ("Great American") and Defendant CHARLES MCBRIDE ("McBride") hereby stipulate as follows:

1. The parties hereto have agreed to resolve and settle this matter as an alternative to trial, subject to the terms and conditions set forth in this settlement agreement and stipulation for entry of judgment ("Stipulation").

2. The parties request that the Court enter judgment ("Judgment") in the amount of Four Hundred and Fifty Thousand Dollars and No/100 Cents ($450,000.00) ("Judgment Amount") in favor of Plaintiff Great American and against Defendant McBride, in lieu of trial of this action.

///

3. Great American covenants not to execute on this Judgment against McBride, in exchange for McBride's full and complete compliance with the terms of this Stipulation as outlined below.

4. In the event of McBride's Default, or breach of any terms as outlined in this Stipulation, judgment shall be entered in the amount of the Judgment Amount, less payments received, and shall be enforceable in this Court. Great American shall file a declaration with the Clerk of this Court establishing the facts of McBride's Default or breach. Once such a declaration is filed with the Court, the Judgment Amount, less payments received, shall become due and payable in full, the stay of execution shall be lifted, and Great American shall be allowed all collection remedies allowed by law and as set forth in the Agreement.

5. McBride agrees to pay to Great American the amount of Ninety Thousand Dollars and NO/100 Cents ($90,000.00) (the "Compromised Amount"), with all principal due and payable on or before June 1, 2009 (the "Maturity Date"), in equal monthly installment payments, without deduction, setoff or counterclaim of any kind, of Ten Thousand Dollars and NO/100 Cents ($10,000.00) beginning October 1, 2008, and on the first (1st) day of each succeeding calendar month until paid.

McBride agrees to make the first payment to Great American's attorneys, at:

Great American Insurance Company
c/o Elizabeth C. Kim
Burnham Brown
1901 Harrison Street, 11th Floor
Oakland, CA 94612

McBride will make the remaining payments directly to Great American, at:

Great American Insurance Company
ATTN: Ken MacKay
P.O. Box 2948
Cincinnati, OH 45201-2948

or at any other place that may be designated in writing by Great American. Each installment payment must be received by Great American on the day payment is due, with no grace period. Each installment payment shall include a notation of "Claim No. 582 509646."

///

6.  The parties acknowledge that the Judgment Amount is a reasonable estimate of the amount that would have been owed as damages if the parties had not reached an agreement to settle this action, and therefore is a reasonable estimate of the amount of damages that would arise from breach of this Stipulation; and that the Compromised Amount is the amount Great American has agreed to accept, pursuant to the terms outlined in this Stipulation, in compromise of its claim against McBride. In the event that McBride pays the Compromised Amount, Great American shall forgive the balance of the Judgment Amount owed under the Judgment.

7.  This Stipulation shall be subject to the following additional provisions:

   a. <u>Security</u>.  McBride agrees that this Stipulation and the Judgment Amount shall be secured by, among other things, a lien or attachment on real property owned in whole or in part by McBride, individually or as Trustee of any trusts to which he has a present or beneficial interest ("Encumbered Property"). McBride agrees to provide Great American with copies of any and all applicable trust agreements necessary to ensure proper securitization of the Judgment Amount. McBride further agrees to cooperate with Great American to obtain any preliminary title reports, execute any deeds of trust or other instruments, and perform any other procedures that may be required to properly encumber the Encumbered Property with liens in Great American's favor.

   b. <u>Prepayment</u>.  The Compromised Amount owed under this Stipulation may be prepaid, at any time, in whole or in part, without premium or penalty.

   c. <u>Default</u>.  On
      (i)  McBride's failure to pay any sum due under this Stipulation when it becomes due and payable, or
      (ii) any breach of any other promise or obligation in this Stipulation or in any other instrument now or after this date securing the indebtedness evidenced in this Stipulation,

(either and both of which will be referred to as "Default"), McBride shall be deemed to be in default of the Stipulation. In the event of Default, Great American shall have the right to:

///

        (i)    declare the Judgment Amount, less any amounts previously paid, to be immediately due and payable, regardless of the Maturity Date; and

        (ii)    remove any continuance or stay entered into pursuant to this Stipulation, and to immediately take actions to collect the Judgment Amount, less any amounts previously paid.

McBride expressly waives notice of the exercise of these rights and options.

    d.    <u>Dismissal of Action and Release of Liens</u>.  Upon McBride's full and complete performance under this Stipulation, Great American agrees to dismiss with prejudice this action against McBride, and release any and all liens securing this Stipulation and the Judgment Amount.

    e.    <u>Costs of Collection and Enforcement of Stipulation</u>.  If any amount owed under this Stipulation is not paid when due, whether on the Maturity Date or on acceleration, McBride promises to pay all collection costs, including but not limited to attorney fees and court costs incurred to enforce this Stipulation, in this action or any other civil proceeding.  McBride further promises to pay all costs, including but not limited to attorney fees and court costs, incurred to enforce McBride's cooperation with regard to *Paragraph 7.a*, above, in this action or any other civil proceeding.

    f.    <u>Time is of the Essence</u>.  Time is of the essence with respect to all obligations of McBride under this Stipulation.

8.    <u>Release and Waiver</u>.  McBride, for himself, his directors, shareholders, attorneys, agents, employees, heirs, executors, administrators, successors and assigns, and each of them, does hereby release, acquit and forever discharge Great American and its respective directors, shareholders, attorneys, agents, employees, heirs, executors, administrators, insurers, successors and assigns, and each of them, from:

    a.    Any and all actions, causes of action, rights, agreements, promises, liabilities, costs and expenses, either known or unknown, suspected or unsuspected, whether based on theories of contract, breach of contract, negligence, professional negligence, tort, fraud,

or any other theories, which they may now have or which may hereafter accrue, arising from or based on any act, omission or occurrence which was brought or could have been brought in this action; and

      b.    Any and all claims, demands or causes of action of any kind or character, past or present, known or unknown, latent or patent, which arise out of or are in any way connected with or related to the claims made by the Levitans in that certain action entitled Levitan v. McBride, Sonoma County Superior Court Case No. 238720 (the "Levitan Action"), and/or which arise out of the handling, adjustment, defense, or settlement of the Levitan Action. McBride acknowledges that he has been advised by legal counsel, or had the opportunity to seek the advice of legal counsel, with regard to and is familiar with the provisions of California Civil Code section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

McBride hereby expressly waives all rights he may have thereunder as well as under any other statutes or common law principles of similar effect.

    9.    The Court is requested to retain jurisdiction over the parties in order to enforce the parties' agreement until performance in full of its terms.

    10.    This judgment is stipulated to in full and final resolution of the parties' dispute.

IT IS SO STIPULATED AND AGREED.

DATED: September ___, 2008        CHARLES MCBRIDE

                                                            /s/ Charles McBride

                                                         By:    CHARLES MCBRIDE

1 | DATED: ~~September~~ October 16, 2008 | GREAT AMERICAN INSURANCE COMPANY

By: _____
         MITCH BLAU

6 | DATED: September ___, 2008 | BURNHAM BROWN

_____
ELIZABETH C. KIM
Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

PURSUANT TO STIPULATION, IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

886426

1 | DATED: September ___, 2008          GREAT AMERICAN INSURANCE COMPANY

4 | By:   MITCH BLAU

6 | DATED: October 29, 2008             BURNHAM BROWN

ROBERT M. BODZIN
Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  December 3, 2008

UNITED STATES ~~MAGISTRATE~~ JUDGE
**DISTRICT**

886426